IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*Baltimore Division*

```
IN RE:                          *
                                *
    MARIE TERRELL               *    Bankruptcy Case No. 14-27082 JS
                                *    Chapter 13
    DEBTOR                      *
*   *   *   *   *   *   *
    MARIE TERRELL               *
                                *
    PLAINTIFF                   *    Adv. Proceeding _____
                                *
    vs.                         *
                                *
    ATLAS ACQUISITIONS, LLC     *
                                *
    DEFENDANT                   *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

## COMPLAINT

### INTRODUCTION

1. This is an action brought by Plaintiff to object to Defendant's Proof of Claim and for redress for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq., as set forth herein and violations of the Maryland Consumer Debt Collection Act ("MCDCA").

### JURISDICTION AND VENUE

2. This is a core proceeding as defined by 28 U.S.C. § 157, and this is a matter arising in a case under Title 11.

3. This Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 157(b) and § 1334.

4. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, Marie Terrell ("Plaintiff") in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number 14-27082, a case presently pending before this court.

7. The Defendant, Atlas Acquisitions, LLC ("Atlas Acquisitions" or "Defendant") is a debt collector and debt buyer.

8. Atlas Acquisitions is a consumer debt collector as defined under 15 U.S.C. § 1692(a) of the FDCPA.

## FACTUAL ALLEGATIONS

9. Plaintiff's Chapter 13 proceeding was commenced by the filing of a petition with the Clerk of this Court on November 6, 2014 (Case No. 14-27082).

10. On February 2, 2015 Atlas Acquisitions filed an unsecured proof of claim #8 (the "Claim") in the amount of $500.00. (***Exhibit A***, attached hereto and incorporated herein by reference).

11. The Claim names Atlas Acquisitions as the creditor.

12. The Account Statement Summary attached to the Claim states:

> Purchased from: Cashnet
> Debt Assigned from: Elite Enterprise Services
> **Last transaction date:  09/17/2008**
> **Charged off date: 12/01/2008**

13. The Claim as filed, states a last transaction date of 09/17/2008.

14. Said debt is a delinquent debt older than 3 years and outside of the statute of limitations. As such, the debt is non-collectable.

15. The Claim filed by Defendant is time-barred and therefore objectionable under 11 U.S.C. § 502(b)(1) and the claim should be disallowed.

16. In addition, the filing of the Claim seeking payment on time-barred debts violates the FDCPA and the MCDCA.

## FIRST CLAIM FOR RELIEF
## OBJECTION TO CLAIM

17. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

18. The Debtor objects to Defendant's Claim on the grounds that it is time-barred and non-collectable.

19. Md. Cts. & Jud. Proc. Code § 5-101 provides for a three (3) year statute of limitations applicable to the underlying debt made the subject of this claim.

20. The Claim is time-barred.

21. The subject debt was charged off over 3 years ago as evidenced by the information contained in the Claim showing a last transaction date of 09/17/2008.

22. Plaintiff asserts that the Claim of Defendant should be disallowed.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ("FDCPA")

23. Plaintiff repeats and realleges the preceding paragraphs as though more fully set forth herein.

24. Plaintiff is a "consumer" pursuant to the definition under 15 U.S.C. § 1692a(3).

25. Defendant is a "debt collector" pursuant to the definition under 15 U.S.C. § 1692a(6).

26. Defendant claims that Plaintiff owes a "debt" that Defendant has attempted and is attempting to collect by filing the Claim.

27. The acts of the Defendant in attempting to collect the time-barred debt are in violation of the Fair Debt Collections Practices Act, 15 USC §1692.

28. The acts and omissions by Defendant constitute violations of the FDCPA including, but not limited to, collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and deceptive methods in direction violation of 15 U.S.C. 1692f(1).

29. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages in the amount of $1,000.00, costs of the action and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

30. The allegations in the preceding paragraphs of this complaint are realleged and incorporated herein by this reference.

31. Ms. Terrell is a "Person" as defined by Maryland Commercial Code Title 14 § 201(d) in that she is "an individual, corporation, business trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity."

32. Atlas Acquisitions is a "Collector" as that term is defined Maryland Commercial Code Title 14 §201(b) in that it is a "means a person collecting or attempting to collect an alleged debt arising out of a consumer transaction."

33. Pursuant to Maryland Commercial Code Title 14 § 202(8), Defendant is prohibited from claiming, attempting or threatening to enforce a right with knowledge that the right does not exist.

34. In the instant case, Defendant knew or should have known that the act of filing a time barred claim is prohibited by Maryland law. Furthermore, Defendant knew or should have known that payday loans are unenforceable in any jurisdiction in Maryland.

35. As a result of the above violations of the Maryland Code, Defendant is liable to the Plaintiff for actual damages, statutory damages and attorney's fees.

**WHEREFORE,** the Plaintiff having set forth his claim for relief against the Defendant respectfully prays of the Court as follows:

1. That Proof of Claim Number 8 be disallowed;

2. That the Court award actual damages, statutory damages in the amount of $1,000.00, costs and reasonable attorney's fees along with the costs of this action as determined by the Court pursuant to 15 U.S.C. § 1692k;

3. That the Court award actual damages, statutory damages, costs and reasonable attorney's fees as determined by the Court pursuant to the MCDCA;

4. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated:  Annapolis, Maryland            Respectfully submitted on behalf of Plaintiff,
       March 4, 2015

                                      */s/ Morgan W. Fisher*
                                      Morgan W. Fisher (#28711)
                                      Law Offices of Morgan Fisher LLC
                                      172 West Street
                                      Annapolis, MD 21401
                                      PH:  410-626-6111
                                      mwf@morganfisherlaw.com

                                      *Attorney for Plaintiff*